IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SAMUEL DAVID VEAL, | |
| Plaintiff, | CIVIL ACTION NO.: 2:22-cv-42 |
| v. | |
| FORSYTH COUNTY SHERIFF'S OFFICE AND OFFICERS; and FORSYTH COUNTY DETENTION CENTER, | |
| Defendants. | |

**O R D E R**

Plaintiff, who is currently housed at the Glynn County Detention Center in Brunswick, Georgia, filed a 42 U.S.C. § 1983 Complaint. Doc. 1. However, Plaintiff did not file a motion for leave to proceed *in forma pauperis* or pay the requisite fee at the time of this filing. Accordingly, the Clerk of Court notified Plaintiff of this deficiency on May 5, 2022, and warned Plaintiff his failure to cure his deficiency within 21 days of the notice could result in the dismissal of his cause of action. Doc. 2. When Plaintiff failed to cure his deficiency, even beyond the allotted time, I issued a Report recommending his cause of action be dismissed without prejudice based on his failure to follow this Court's directive. Doc. 3. Plaintiff has now filed a Motion for Leave to Proceed *in Forma Pauperis* and, as a result, I **VACATE** the June 13, 2022 Report and Recommendation.

Nevertheless, Plaintiff is attacking events occurring in Forsyth County, Georgia, and the named Defendants are connected to Forsyth County, Georgia. Doc. 1. A district court may raise

the issue of defective venue sua sponte.  Collins v. Hagel, No. 1:13-CV-2051, 2015 WL 5691076, at *1 (N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming sua sponte transfer, in accordance with 28 U.S.C. § 1406(a), of pro se prisoner's civil rights action from New York to Georgia), and collecting cases)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

This Court is not the proper venue to hear Plaintiff's claims against the named Defendants.  Section 1391(b) of Title 28 of the United States Code sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains about events occurring in Forsyth County, Georgia, which is within the Gainesville Division of the Northern District of Georgia.  28 U.S.C. § 90(a)(1).  Thus, venue is proper in that District.  28 U.S.C. § 1391(b)(2).  Accordingly, the Court **TRANSFERS** Plaintiff's Complaint and this case to the Gainesville Division of the United States District Court

for the Northern District of Georgia in the interest of justice.

**SO ORDERED**, this 21st day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA